UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**RAMON DE JESUS SANCHEZ,**
Plaintiff

v.                                                        CIVIL NO. 03-1685(DRD)

**TABER PARTNERS I, LLC,**
Defendant

## **ORDER**

On March 3, 2005, plaintiff herein requested the Court to allow his amending of the complaint pursuant to Fed.R.Civ.P. 15(a).[1] Plaintiff explained he wished to amend the complaint so as to "incorporate CPG Ashford Ave LP, SE (successor employer) as defendant to the complaint." *Motion Requesting Leave to Amend the Complaint*, Docket No. 33, 1 at 1.  Subsequently, on June 13, 2005, the Court, addressing said request ordered:

> Plaintiff's request to amend the complaint pursuant to Fed.R.Civ.P. 15(a) in order to include CPG Ashford Ave., LP SE as defendant is **GRANTED IN PART**.  As per plaintiff's own admission in the amended complaint object of this request, the Court notes that CPG Ashford Ave. LP, SE purchased the appearing defendant's assets possibly transforming CPG Ashford Ave. LP, SE into plaintiff's successor employer. Accordingly, for plaintiff to include CPG as a defendant, he would have to do so pursuant to Fed.R.Civ.P. 25(c).  That is to say, plaintiff would have to request the Court to substitute appearing plaintiff with CPG, the successor employer.  Rule 25(c), in turn, implements a discretionary determination by the trial court to facilitate the conduct of the litigation.  It is merely a procedural vehicle that does not create new relationships among parties to a suit.  *See* Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 31 (1st Cir. 2004); Maysonet Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003).  Consequently, Rule 25 substitution does not establish what causes of action survive the transfer of an interest.  *See* Citibank v. Grupo Cupey, Inc., Id.  As such, the successor (or transferee) is brought into the suit only because it has come to own the assets of the previous employer.  Notwithstanding, the merits of the case are still determined *vis-a-vis* the originally named parties.  Finally, this second amended complaint is to be served within thirty (30) days and Plaintiff will request an

---

[1] **Rule 15.  Amended and Supplemental Pleadings**
  **(a) Amendments.**  A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served, or if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar, the party may so amend it at any time within 20 days after it is served.  Otherwise, a party may amend the party's pleading only by leave of court of by written consent of the adverse party; and leave shall be freely given when justice so requires.  A party shall plead in response to an amended pleading within the time remaining for response to the original pleading or within 10 days after service of the amended pleading, whichever period may be longer, unless the court otherwise orders.

ISC/Status Conference upon Defendants having appeared before the Court. Should Plaintiffs fail to act diligently, the Second Amended Complaint will be stricken from the record and the Court will continue with the original Amended Complaint (Docket No. 10). Copy of this order shall be served to CPG Ashford Ave., LP SE along with all other defendants, with summons of the Second Amended Complaint. The Clerk of Court is **INSTRUCTED** to issue summons.

Dissatisfied with this Court's ruling, plaintiff proceeded to file a request for relief from order. (Docket No. 43). Through said motion, plaintiff avers that the Court erred when analyzing that a transfer of assets is tantamount to a transfer of interests in the instant case. Plaintiff argues that he has yet to ascertain whether a transfer of interest did, in fact occur. As such, and contending that neither he, nor the Court is truly aware of whether the agreement that took place between the employers involved the liability for the claims stated in the complaint. However, plaintiff does state, somewhat echoing the Court's ruling, that "[a]s a matter of fact, almost always in this kind of agreement the **internal** liability remains on the original employer after the negotiations of the parties to the contract." *Motion Requesting Relief from Order*, Docket No. 43 at 2, n.2 (*emphasis supplied*). Accordingly, plaintiff insists that Fed.R.Civ.P. 25[2] is inapplicable. In the alternative, plaintiff suggests that "even assuming this Honorable Court's theory,[3] both defendants would have to be kept in the case until a complete discovery on the issue. This is the reason why under Rule 25 of FRCP a party could be either **substituted or joined** in transfer-of-interest cases." Id. at 3 (*emphasis supplied*). Finally, plaintiff contends that, since the liability of a new employer depends on whether the law requirements are met so that it may be considered a successor employer (i.e. continuity of operations), thus, raising the possibility of the new employer to be liable, joinder pursuant to Fed.R.Civ.P. 15 is proper rather than substitution.

Defendant Taber Parters I LLC ("Tabers") opposes plaintiff's request for reconsideration and/or relief from order and the granting of plaintiff's filing of an amended complaint arguing that a transfer of assets in reality constitute a transfer of interests. (Docket No. 47). In the alternative, Tabers moves the Court to deny plaintiff's request to amend the complaint if it finds in favor of plaintiff's above argument. Tabers continues to echo this Court's ruling by explaining that Fed.R.Civ.P. 25(c) applies to ordinary transfers and assignments as well as to corporate mergers. Furthermore, it does not require that anything more be done after an interest has been transferred, thus, the action is continued by or against the original party, and the judgment will be binding on his successor in interest according to the law.

As this Court has amply discussed before, motions for reconsideration cannot be used as a vehicle to relitigate and/or rehash matters already litigated and decided by the Court. Standard

---

[2] **Rule 25(c). Substitution of Parties**
   **(c) Transfer of Interest.** In case of any transfer of interest, the action my be continued by or against the original party, unless the court, upon motion directs the person to whom the interest is transferred to be substituted in the action or joined with the original party. Service of the motion shall be made as provided in subdivision (a) of this rule.

[3] The Court is reluctant to accept plaintiff's assertion that it's previous ruling is merely a *theory* when sufficient First Circuit case law was provided to parties which clearly points to well predicated practice by the Courts rather than theory, as plaintiff suggests.

Quimica de Venezuela v. Central Hispano International, Inc., 189 F.R.D.202, n.4 (D.P.R. 1999), *emphasis added*. **These motions are entertained by courts if they seek to correct manifest errors of law or fact, present newly discovered evidence, or when there is an intervening change in law.** *See* Rivera Surillo & Co. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir., 1994) *citing* F.D.I.C. Ins. Co. v. World University, Inc. 978 F.2d 10, 16 (1st Cir. 1992); Cherena v. Coors Brewing Com. 20 F. Supp. 2d 282, 286 (D.P.R., 1998); *see also* National Metal Finishing Com. v. Barclaysamerica/Commercial, Inc., 899 F.2d 119, 124 (1st Cir. 1990). Hence, this vehicle **may not be used by the losing party "to repeat old arguments previously considered and rejected, or to raise new legal theories that should have been raised earlier"**. Id., at 123. *See also*, Waye v. First Citizen's National Bank, 846 F. Supp. 310, 314 n.3 (M.D.Pa. 1994) (a motion for reconsideration is unavailable if it simply brings a point of disagreement between the court and the litigant, or to reargue matters already properly prior thereto disposed).

Although the Court is still convinced that CPG Ashford Ave. LP, SE may only be included as a defendant in the instant complaint through the application of Fed.R.Civ.P. 25(c), after having reviewed plaintiff's request, defendant's opposition, and applicable case law as previously analyzed by the Court in its *Order* of June 13, 2005, the Court is not in the proper position at this point in the proceedings to determine whether CPG is, in fact, a successor employer. The Court is faced merely with a distinction without an underlying difference. As such, joinder or substitution under Rule 15 or Rule 25 seems to the Court as putting the cart before the horse. Accordingly, the Court must first elucidate, through party proof, of course, if there exists a true successorship or if an illegal/fraudulent transfer of assets in order to avoid collection of potential sentences in prejudice to likely creditors took place before finally determining if joinder or substitution is appropriate. Furthermore, the Court, again, emphasizes that the merits of the case are still to be determined *vis a vis* the originally named parties. *See* Citibank v. Grupo Cupey, Inc., 382 F.3d 29, 31 (1st Cir. 2004); Maysonet Robles v. Cabrero, 323 F.3d 43, 49 (1st Cir. 2003). Hence, plaintiff's *Motion Requesting Relief from Order* (Docket No. 43) is **GRANTED IN PART AND DENIED.** Thus, CPG will become co-defendant along with Taber Partners I, LLC final adjudication is made regarding employer successorship after proper proffering of evidence by plaintiff. Finally, the Court reminds plaintiff that, pursuant to this Court's *Order* of October 18, 2005 (Docket No. 74), he shall have until **Monday, December 5, 2005** to serve summons to CPG.

    **IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 18th day of November of 2005.

                                                       s/ Daniel R. Dominguez
                                                       **DANIEL R. DOMINGUEZ**
                                                       **U.S. DISTRICT JUDGE**