# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**RAMON DE JESUS SANCHEZ,**                        Civil No. 03-1685 (DRD)
**Plaintiff**

**v.**

**TABER PARTNERS I, LLC,**
**LIMITED LIABILITY CORPORATION,**
**D/B/A AMBASSADOR PLAZA HOTEL**
**AND CASINO,**
**Defendant**

## ORDER AND OPINION

Pending before the Court is defendant Taber Partners I, LLC D/B/A Ambassador Plaza Hotel & Casino's (hereinafter "Taber") *Motion in Limine* (Docket Entry No. 65) filed on September 12, 2005. Through said motion, defendant requests the Court to disregard and/or eliminate from the record plaintiff Ramon De Jesus Sanchez's (hereinafter "De Jesus") affidavit (Docket Entry No. 60, Ex. 1) due to plaintiff's alleged failure to comply with Fed.R.Civ.P. 56(e). Plaintiff opposed said motion on September 28, 2005 (Docket Entry No. 70) stating that defendant failed to identify specific objections regarding plaintiff's affidavit and, therefore, its motion should be denied.

Additionally, Taber moves the Court for summary judgment (Docket Entry No. 52) on six grounds alleging that: (1) several of plaintiff's discrimination and retaliation claims are time-barred; (2) the Court lacks jurisdiction over plaintiff's hostile environment claim; (3) plaintiff failed to establish a *prima facie* case because he, allegedly, is not "disabled" pursuant to the American with Disability Act (hereinafter "ADA"); (4) plaintiff failed to establish that a discriminatory hostile work environment existed; (5) plaintiff failed to establish that he was "regarded" as a disabled person; and (6) plaintiff failed to establish that the hotel retaliated against him. For the reasons set forth below,

Defendant's Motions in Limine and for Summary Judgment are **GRANTED** in part and **DENIED** in part.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff De Jesus has been working at the Ambassador Plaza Hotel & Casino as a "Door-person" since March 1995. (Defendant's Exhibit 5). His job consisted on ensuring that people entering the hotel's casino were over 18 years of age and that no one carried beverages in glass containers. De Jesus was required to stand throughout the duration his entire eight-hour work shift with the exception of his break and lunch times.  Eventually, in September 1998, De Jesus suffered a work accident which caused him to seek medical treatment at the State Insurance Fund Corporation (hereinafter "SIFC"), and was later awarded compensation.(Defendant's Exhibit 8). Further, De Jesus was diagnosed with cervical and lumbar strain, disc herniation, and radiculopathy L5 by his SIFC physician. *Id*. Consequently, De Jesus was recommended by the SIFC to take his lunch break three hours after commencing his work shift, and a twenty-minute break two and a half hours after returning from lunch. *Id*. Said diagnosis and recommendations were notified to the hotel management by a SIFC Rehabilitation Officer in July 1999. *Id*. Taber avers that the hotel management coordinated the necessary arrangements in order to grant De Jesus proper accommodations as recommended by the SIFC. (Docket Entry No. 53, ¶ 20).

It is an uncontested fact that on several occasions De Jesus was not relieved from his post at the exact recommended time. (*Id.* at ¶ 21) Both, plaintiff and defendant, agree on said fact. *Id*. Taber alleged that such noncompliance with SIFC recommendations was due to the fact that the security guard assigned to replace De Jesus was busy attending other situations within the hotel premises and, therefore, was not able to relieve him at the exact recommended time. (*Id.* at ¶ 22).

Consequently, De Jesus was forced to stay in his post until he was properly relieved provided that the entrance of the hotel's casino could not be left unmanned pursuant to local Gambling Law, P.R. Laws Ann. tit. 15 §§ 77-79. *Id*. Moreover, on various occasions De Jesus' replacement arrived before the recommended break time. *Id*. However, De Jesus refused to be relieved from duty stating that it should be done at the exact hour, and  not one minute earlier or later. *Id*.

On November 16, 1999, all casino employees, including plaintiff, were suspended for three days due to a violation of the hotel's regulations. (*Id.* at ¶ 24). Nearly ten months later, on September 12, 2000, plaintiff was again suspended from his job, this time due to insubordination towards a supervisor. (Defendant's Exhibit 12). The very next day, September 13, 2000, De Jesus filed a discrimination claim against Taber at the U.S. Equal Employment Opportunity Commission (hereinafter "EEOC").[1] (Defendant's Exhibit 14). Specifically, De Jesus alleged having been denied reasonable accommodation, and having been treated in a discriminatory manner by Taber.[2] Subsequently, on October 28, 2002, De Jesus filed another claim with the EEOC against Taber for allegedly retaliating against him for filing the above claim with the aforementioned agency. (Defendant's Exhibit 15). On March 25, 2003, the EEOC dismissed both claims on the grounds that the evidence provided by De Jesus did not support his allegations.(Defendant's Exhibit 16).

On June 20, 2003, De Jesus timely filed a *Complaint* (Docket Entry No. 1) which was later amended (Docket Entry No. 10) on January 16, 2004, against Taber under the ADA, 42 U.S.C.

---

[1] De Jesus also filed a complaint before the Puerto Rico Department of Labor which determined, on December 12, 2002, that De Jesus actually incurred in a violation of the hotel's regulations and therefore sustained the suspension. (Defendant's Exhibit 13).

[2] Among the alleged discriminatory acts De Jesus mentioned: (1) suspension, (2) negative and discriminatory commentaries concerning his medical condition, and (3) request to resign his job.

§12117, which incorporates by reference section 706 of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5. Plaintiff alleges: (1) that defendant failed to provide reasonable accommodation as ordered by his SIFC physician, and (2) that defendant's conduct constitutes retaliation for engaging in a protected activity under the ADA.

After a long procedural stage, the Court proceeds to consider defendant's *Motion in Limine* (Docket Entry No. 65) and *Motion for Summary Judgment* (Docket Entry No. 52).

## II. DISCUSSION

### a) Motion in Limine

A motion in limine seeks a protective order prohibiting the opposing party, counsel and witnesses from offering prejudicial evidence at trial, or even mentioning it at trial, without first having its admissibility determined outside the presence of the jury. *See* 75 Am. Jur. 2d *Trial* § 94 (2005). The motion affords an opportunity to the Court to rule on the admissibility of evidence in advance before the trial. *Id*. Additionally, said motion prevents encumbering the record with immaterial or prejudicial matter. Furthermore, it provides a means of ensuring that privileged material as to which discovery has been allowed by the court will not be used at trial if it is found to be inadmissible. *Id.* Therefore, a motion in limine should be granted **only** when (1) material or evidence in question will be inadmissible for any purpose at trial under the rules of evidence, and (2) mere offer, reference, or statements made during trial concerning said material will tend to prejudice the jury. *See* Noble v. Sheahan, 116 F.Supp.2d 966 (N.D. Ill. 2000); *see also* U.S. v. Chan, 184 F.Supp.2d 337 (S.D.N.Y. 2002), U.S. v. Paredes, 176 F.Supp.2d 179 (S.D.N.Y. 2001); U.S. v. Brodhead, 714 F.Supp 593 (D. Mass. 1989).

The United States Supreme Court uses the term "in limine" in a broad sense to refer to any

motion, whether made before or during trial, to exclude anticipated prejudicial evidence before the evidence is actually offered. *See* Luce v. U.S., 469 U.S. 38, 40 n.2 (1984). Said motion's purpose is to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial. *See* Palmieri v. Defaria, 88 F.3d 136 (2nd Cir. 1996). Courts have the power to exclude evidence in limine under their authority to manage trials. *See* Wafra Leasing Corp. 1999-A-1 v. Prime Capital Corp., 339 F.Supp.2d 1051 (N.D. Ill. 2004). Moreover, in limine rulings are not binding on a trial court, and the trial court may always change its mind during the course of the trial. *See* Ohler v. U.S., 529 U.S. 753, 758 n.3 (2000); *see also* U.S. v. Benedeti, 433 F.3d 111, 117 (1st Cir. 2005). The granting or denying of motions in limine is considered discretionary, and thus will be reversed only for abuse of discretion and showing of prejudice. *See* White v. New Hampshire Dept. of Corrections, 221 F.3d 254, 262 (1st Cir. 2002) (A district court's denial of a motion in limine is reviewed for abuse of discretion. (*citing* JOM, Inc. v. Adell Plastics, Inc., 193 F.3d 47, 50 (1st Cir. 1999)); U.S. v. Lozada-Rivera, 177 F.3d 98, 103 (1st Cir. 1999); *see also* U.S. v. Marino, 200 F.3d 6, 11-12 (1st Cir. 1999); Hesling v. CSX Transp., Inc., 396 F.3d 632 (5th Cir. 2005).

Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at the trial. Denial merely means that, without the context of the trial, the Court is unable to determine whether the evidence in question should be excluded. The Court will entertain objections on individual proffers as they arise at the trial, even though the proffer falls within the scope of a denied motion in limine. Hawthorn Partners v. AT & T, Inc., 831 F.Supp. 1398, 1401 (N.D. Ill. 1993) *citing* U.S. v. Connelly, 874 F.2d 412, 416 (7th Cir. 1989).

**b) Rule 56(e)**

There is no Rule 56 requirement that affidavits be used in support of a motion for summary judgment. In <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), the Supreme Court made it clear that "regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied." *Id.* at 323 ("if there were any doubt about the meaning of Rule 56(c) in this regard, such doubt is clearly removed by Rules 56(a) and (b) which provide that claimants and defendants, respectively, may move for summary judgment *'with or without supporting affidavits'* " (*emphasis in original*)), *Id.*; *see also* <u>Lujan v. National Wildlife Fed'n,</u> 497 U.S. 871, 885 (1990) (regardless of whether or not party uses affidavits to support its summary judgment motion, the motion should be granted if it meets the standard for entry pursuant to Fed.R.Civ.P. 56(c)). However, if a party chooses to utilize an affidavit in connection with a summary judgment motion, the affidavit must be based on personal knowledge.[3] *See* <u>Garside v. Osco Drug, Inc.,</u> 895 F.2d 46, 49 (1st Cir. 1990) (court held that interrogatory was held to same requirement as affidavit: that it be based on personal knowledge;

---

[3]Rule 56(e) states:

**(e) Form of Affidavits; Further Testimony; Defense Required.** Supporting and opposing affidavits shall be made on **personal knowledge**, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the **affiant is competent to testify** to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party. (*Emphasis added*)

therefore, interrogatory of plaintiff reciting testimony of third-party physician expected to be provided give at trial without affidavit from physician could not be considered by court to oppose defendant's motion for summary judgment). Additionally, the affidavit must show that the affiant is competent to testify as to the facts contained in said document. *Id.* at 50; *see also* Sheinkopf v. Stone, 927 F.2d 1259, 1262 (1st Cir. 1991).  Nevertheless, if the affidavit is not based on the affiant's personal knowledge or he is incompetent to testify about its content, the Court is not required to consider said affidavit. Friedel v. City of Madison, 832 F.2d 965, 969-70 (7th Cir. 1987) (court properly ignored affidavit of plaintiff's attorney which contained claims which attorney believed were true, and which was not based on personal knowledge). Moore's Federal Practice-Civil § 56.14[1][c] (Mathew Bender 2002). The party moving to strike an affidavit supporting or opposing summary judgment must specify the objectionable portions and specific grounds for objections. *See* Casas Office Machines, Inc., v. Mita Copystar America, Inc., 42 F.3d 668, 682 (1st Cir. 1994). Ultimately, the Court will disregard only inadmissible portions and will consider the remainder. *Id.*

In cases in which a party's affidavit is inconsistent with that party's earlier deposition, summary judgment may be precluded if such inconsistencies have a **good faith basis**. Moore's Federal Practice-Civil § 56.14[1][f] (Mathew Bender 2002) (*emphasis ours*). Inconsistencies in documents for which no reasonable explanation has been given may not preclude the entry of summary judgment. Cleveland v. Policy Management Systems Corp., 526 U.S. 795 (1999); Babrocky v. Jewel Food Co., 773 F.2d 857, 861-62 (7th Cir. 1985) (summary judgment granted to movant when opposing party deponent contradicted own admission contained in affidavit submitted just six months earlier; this admission, if true, would have been basis for granting summary judgment to movant; contradiction unexplained); *see also* Murphy v. Ford Motor Co., 170 F.R.D.

82, 85 (D. Mass. 1997) (litigant may not defeat summary judgment by submitting affidavit that, without plausible explanation, contradicts party's own prior deposition testimony). In addition, an affidavit that merely supplements testimony given in an earlier deposition is acceptable as long as it does not contradict a previous deposition. Soletro v. Nation Fed'n of Indep. Bus., 130 F.Supp.2d 906, 910 (N.D. Ohio 2001) (court acknowledged that it would not accept affidavit testimony that directly contradicts earlier deposition testimony).

In the case at bar, Taber requests the Court to eliminate from the record De Jesus' affidavit (Docket Entry No. 60, Ex. 1) on the grounds that plaintiff did not comply with the "personal knowledge" requirement set forth in Rule 56(e), and that plaintiff's statements are contradictory. Specifically, defendant stated that plaintiff's affidavit contained a different version of the alleged facts from the one stated in his prior deposition without providing any explanation. However, Taber failed to mention the specific reference of plaintiff's deposition which allegedly contradicts the affidavit at issue. Taber also avers that several of plaintiff's statements are based on "belief" and not on personal knowledge.[4] Defendant's arguments do not persuade the Court.

After a detailed examination of plaintiff's partial deposition[5] and affidavit, the Court could not determine whether a contradiction exists between said documents. Furthermore, the Court found that several of plaintiff's statements contained in his affidavits reiterate De Jesus' prior version

---

[4]The statements contained in plaintiff's affidavit allegedly based on personal beliefs are: Nos. 3, 4, 6, 7, 8, 9, 16, and 17.

[5]Plaintiff's deposition was submitted partially and, therefore, an examination on its entirety could not be conducted by the Court.

stated in his deposition.[6]  In regard to the "personal knowledge" requirement, the record does not establish that the statements made by plaintiff in his affidavit were based on anything than his personal knowledge. Since Taber failed to make specific references to evidence that De Jesus' statements are not based on his personal knowledge, said statements must be presumed to have a good faith basis and be based on plaintiff's personal knowledge. Consequently, the Court concludes that defendant failed to establish (1) that the content of the affidavit in question is inadmissible at trial for any purpose, and (2) that its  mere reference will tend to prejudice jury in a potential trial. Therefore, defendant failed to prove that plaintiff's affidavit did not comply with the aforementioned Rule 56(e) requirements. Accordingly, under the discretionary authority of the Court to grant motions in limine defendant's request is hereby **DENIED**.

c) Summary Judgment

The framework of Rule 56 provides that it is appropriate to enter summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  *See* Celotex, 477 U.S. at 324-25, *supra*; Abbadessa v. Moore Business Forms, Inc., 987 F.2d 18, 22 (1st Cir. 1993).  Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," *and* that he is "entitled to judgment as a matter of law." Vega-Rodriguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).  When the moving party asserts that the competent evidence clearly demonstrates that it is entitled to judgment and after the

---

[6]Affidavit's statement No. 14 is a reiteration of pages 116-19 and 129-32 of the deposition. Statements Nos. 6-10 correspond generally with deposition's pp.136, 156-59.

moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortes-Irizarry v. Corporacion Insular, 111 F.3d 184, 187 (1st Cir. 1997).

To determine whether these criteria have been met, a court must pierce the boilerplate of the pleadings and carefully review the parties' submissions to ascertain whether they reveal a trial worthy issue as to any material fact. *See* Perez v. Volvo Car Corporation, 247 F.3d 303, 310 (1st Cir. 2001); Grant's Dairy-Me., LLC v. Comm'r of Me. Dep't of Agric., Food & Rural Res., 232 F.3d 8, 14 (1st Cir. 2000); Cortes-Irizarry, 111 F.3d 184, at187, *supra*; McIntosh v. Antonino, 71 F.3d 29, 33 (1st Cir. 1995) (the Court must look behind the facade of the pleadings alleged in the complaint and examine the parties proof in order to determine whether a trial is required.). Furthermore, a fact is "material" if it potentially could affect the suit's outcome. *See Id.* An issue concerning such a fact is "genuine" if a reasonable fact finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor. *See Id.* The Court must review the record "taken as a whole," and "may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133 (2000).

This is so, because credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. *See Id.* There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood[.]" Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). "The Court should give credence to the evidence favoring the non-movant as well as the evidence

supporting the moving party that is contradicted and unimpeached, at least to the extent that evidence comes from disinterested witnesses." *Id.*   An absence of evidence on a critical issue weighs against the party –be it the movant or the non-movant– who would bear the burden of proof on that issue at trial. *See*  Perez v. Volvo Corporation, 247 F. 3d at 310, *supra*; *see also* Torres Vargas v. Santiago Cummings, 149 F.3d 29, 35-36 (1st Cir. 1998);  Garside, 895 F.2d at 48, *supra*. Accordingly, "speculation and surmise, even when coupled with effervescent optimism that something definite will materialize further down the line, are impuissant on the face of a properly documented summary judgment motion." Ayale-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996) (*citations omitted*).

At the summary judgment stage, the trial court examines the entire record "in the light most flattering to the non-movant and indulges all reasonable inferences in that party's favor.  Only if the record, viewed in the manner and **without regard to credibility determinations**, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Company v. Hayes, 116 F.3d 957, 959-60 (1st Cir. 1997) (*emphasis ours*).Further, summary judgment is not to be turned into a trial by affidavit and depositions. Thyssen Plastik Anger KG v. Induplas, Inc., 576 F.2d 400, 402 (1st Cir. 1978).   In other words, the court must construe the record and all reasonable inferences from it in favor of the non-movant (the party opposing the summary judgment motion). *See* Suarez v. Pueblo Int'l, Inc., 229 F.3d 49, 53 (1st Cir. 2000); Cortes-Irizarry, 111 F. 3d at 187, *supra*; *see also* United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

In the instant case, Taber moves the Court for summary judgment based on various

allegations.[7] As mentioned above, the moving party must show that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law. This two-pronged test must be satisfied by Taber before shifting the burden to De Jesus to prove the existence of a trial worthy issue as to some material fact. Therefore, since Taber did not pass the aforementioned test because it did not establish the absence of a genuine issue as to genuine material facts. The Court determines that the fact that De Jesus' second charge with the EEOC does not detail the date of the most recent alleged retaliatory action occurred constitute a genuine issue of material, thus, preventing the Court to conclude if said claim was time-barred or not. *See* Defendant's Exhibit 15.

Nevertheless, the Court proceeds to examine separately each of Taber's allegations stated in its motion for Summary Judgment:

First, Taber alleges that De Jesus' discrimination and retaliation claims are time-barred. The United States Supreme Court has indicated that discriminatory acts are not actionable under Title VII if they occurred more than 180 or 300 days before plaintiff filed charges with the EEOC. National Railroad Passenger Corp. v. Morgan, 536 U.S. 101, 113 (2002). In our jurisdiction, the applicable time limit is 300 days. Marrero v. Goya of P.R., 304 F.3d 7, 16 (1st Cir. 2002) (In a "deferral jurisdiction" such as Puerto Rico, that period is extended to 300 days.); *see also* Morgan, 536 U.S. at 109, *supra*.  In plaintiff's charge with the EEOC filed on September 13, 2000, De Jesus stated that the most recent discriminatory act occurred the day before, that is September 12, 2000.

_____

[7](1) several of plaintiff's discrimination and retaliation claims are time-barred; (2) the Court lacks jurisdiction over plaintiff's hostile environment claim; (3) plaintiff failed to establish a *prima facie* case because he, allegedly, is not "disabled" pursuant to the American with Disability Act (hereinafter "ADA"); (4) plaintiff failed to establish that a discriminatory hostile work environment existed; (5) plaintiff failed to establish that he was "regarded" as a disabled person; and (6) plaintiff failed to establish that the hotel retaliated against him.

(Defendant's Exhibit 14). Plaintiff's charges were dismissed by the EEOC on March 25, 2003. (Defendant's Exhibit 16). Therefore, plaintiff had 90 days to file a complaint before the Court. On June 20, 2003, that is 87 days after EEOC's decision, plaintiff filed a complaint in this Court. Consequently, De Jesus filed his discrimination charge within the permissible time limit, and therefore said claim is not time-barred.

Concerning De Jesus' retaliation claim, which was filed with the EEOC on October 30, 2002, the Court cannot determine whether said claim is time-barred. This is so because on his EEOC claim form, De Jesus did not specify the date of occurrence of the most recent alleged retaliatory act. (*See* Defendant's Exhibit 15). Consequently, since the form does not contain a specific date from which the time limit could be counted, the Court cannot conclude if De Jesus timely filed with the EEOC his second charge within the allowed period of time.

Regarding defendant's second argument that the Court lacks jurisdiction over plaintiff's hostile work environment claim, it seems clear that Taber is correct. It is well established that a claimant who seeks to recover for an asserted violation of Title I of the ADA, like one who seeks to recover for an asserted violation of Title VII, first must exhaust administrative remedies by filing a charge with the EEOC, or alternatively, with an appropriate state or local agency, within the prescribed time limits. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); *see also* Bonilla v. Muebles J.J. Alvarez, Inc., 194 F.3d 275, 278 (1st Cir. 1999); Velazquez-Rivera v. Danzig, 234 F.3d 790 (1st Cir. 2000). Consequently, by De Jesus failing to file a hostile work environment charge with the EEOC, Plaintiff did not comply with the necessary exhaustion of the proper administrative remedies before filing a cause of action before the Court. This, in turn prevents the Court from assuming jurisdiction over said claim. The Court consider unnecessary entering in discussion of

defendant's fourth allegation  about plaintiff's alleged failure to establish that a discriminatory hostile work environment existed because of lack of jurisdiction as discussed above.

Defendant's third and fifth arguments that plaintiff is not "disabled" within the meaning of the ADA and that he was not regarded as disabled by Taber do not persuade the Court either. In accordance with said statute, a person is disabled if at least one of three factors applies in relation to said individual. These factors are: that the individual (1) has a physical or mental impairment that substantially limits one or more of the major life activities, **or** (2) has a record of such impairment, **or** (3) is being regarded as having such impairment by the employer, even if he has no significant physical or mental impairment. *See* Toyota Motor Mfg., Kentucky, Inc., v. Williams, 534 U.S. 184, 194 (2002). Major life activities include walking, seeing, hearing, performing manual tasks, among others. *Id.*   It is evident from the record that De Jesus has a physical impairment which limits a major life activity such as walking. De Jesus was diagnosed by a SIFC physician cervical and lumbar strain, disc herniation and radiculopathy L5. (Docket Entry No. 53, Ex. 8). Additionally, Taber actions, such as trying to provide the recommended reasonable accommodation and providing De Jesus with a chair while he waited for his replacement, clearly show that De Jesus was regarded by his employer as having an impairment. De Jesus did not just show that he was perceived by Taber as being disabled but also provided **medical evidence** that proved his impairment. *See* Benoit v. Technical Mfg. Corp., 331 F.3d 166, 176 (1st Cir. 2003); Bailey v. Georgia-Pacific Corp., 306 F.3d 1162, 1169 (1st Cir. 2002)(stating that a plaintiff claiming that he is "regarded" as disabled cannot merely show that his employer perceived him as somehow disabled; rather, he must prove that the employer regarded him as disabled within the meaning of the ADA ); *see also* Whitlock v. Mac-Gray, Inc., 345 F.3d 44 (1st Cir. 2003). Consequently, pursuant to the ADA De Jesus falls under the

definition of a disabled individual.

### III. CONCLUSION

For the reasons stated herein, the Court **DENIES** Taber's Motion in Limine (Docket Entry No. 65). Additionally, the Court **DENIES** in part and **GRANTS** in part Taber's Motion for Summary Judgment  (Docket Entry No. 52). The Court **DENIES** said motion in regard to De Jesus' discrimination claim allegedly being time-barred. Regarding plaintiff's Hostile Work Environment claim, the Court **GRANTS** defendant's request for summary judgment due to plaintiff's failure to exhaust administrative remedies. Concerning defendant's request for summary judgment on the grounds that plaintiff De Jesus was not disabled within the meaning of ADA, and that he was not regarded as being disabled, the Court **DENIES** said petition.

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 31st day of March 2006.

**S/DANIEL R. DOMINGUEZ**
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**